a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| ANTON KSENOFONTOV #A088-921-521,<br>Petitioner | CIVIL DOCKET NO. 1:26-CV-01398 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| D H S ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Anton Ksenofontov ("Ksenofontov"), an immigration detainee at the Winn Correctional Center in Winnfield, Louisiana. Ksenofontov alleges that his country has not responded to the Government's request for travel documents, and no third country has been identified, so his removal is not significantly likely to occur in the reasonably foreseeable future.  ECF No. 1-2 at 4. He seeks release from detention.

A court may order a respondent to file an answer, motion, or other response, in its discretion.  *See generally* 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008); *Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna,

M.J.)[1].  And this Court has determined that a 21 day briefing schedule is reasonable and appropriate in similar cases.

Accordingly, to determine whether Ksenofontov is entitled to relief, THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF No. 1), and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and by regular mail on (4) the Warden where Ksenofontov is detained.

IT IS ORDERED that a Response be filed within **21 days** following the date of service of the Petition on the United States Attorney for the Western District of Louisiana, with summary judgment evidence regarding the lawfulness of his detention and efforts to remove him to Russia, or any third country.

IT IS FURTHER ORDERED that Petitioner shall have **7 days** following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL  835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D. W.Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

SIGNED on Monday, May 11, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE