d

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **ANTON KSENOFONTOV #A088-921-521, Plaintiff** | **CIVIL DOCKET NO. 1:26-CV-01398 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **D H S ET AL, Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

---

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Anton Ksenofontov ("Ksenofontov" or "Petitioner"), an immigration detainee at the Winn Correctional Center in Winnfield, Louisiana. Petitioner challenges his continued post-removal-order detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and seeks release from custody.

Petitioner has carried his initial burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future. The Government has not rebutted that showing. Therefore, the Petition should be GRANTED, and Petitioner should be RELEASED.

## I. Background

Petitioner is a native and citizen of Russia. ECF Nos. 1; 11-1 at 1. On July 1, 2006, he was admitted to the United States as a nonimmigrant J-1 Exchange Visitor, authorized to remain in the United States for a temporary period not to exceed

October 21, 2006. ECF No. 11-2 at 1. Petitioner remained in the United States beyond the authorized period. *Id.*

On July 7, 2008, Petitioner was arrested after failing to appear on misdemeanor charges with the Virginia Beach Police Department in Virginia Beach, Virginia. Officers served him with an I-862, Notice to Appear, and other forms. *Id.* Thereafter, on August 18, 2008, ICE released Petitioner on an Order of Recognizance. *Id.*

On January 27, 2011, an immigration judge ordered Petitioner removed in absentia. ECF No. 11-3 at 2.

On September 3, 2025, Petitioner was arrested by immigration officials and was detained. ECF No. 11-2 at 2.

According to the Declaration of Acting Assistant Field Office Director Justin Williams ("Williams"), on October 15, 2025, Enforcement and Removal Operations ("ERO") submitted Petitioner's travel document application. The following day, the "Travel Document Request Packet was forwarded to ERO headquarters Detention and Deportation Officer (DDO) for approval." ECF No. 11-2 at 2. On November 6, 2025, the docket officer noted the case was "pending travel documents." *Id.* Travel documents are still "pending." *Id.*

## II. <u>Law and Analysis</u>

Petitioner does not ask the Court to vacate, review, or stay the removal order. He challenges only his continued post-removal-order detention. The Court has jurisdiction to consider that challenge. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026

WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it. Thus, . . . the Court retains jurisdiction to review his detention.").[1]

After entry of a final removal order, the Government ordinarily has 90 days to effectuate removal. *See* 8 U.S.C. § 1231(a)(1)(A). Section 1231(a)(6), however, permits detention beyond 90 days for a period reasonably necessary to bring about a detainee's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 689, 701 (2001). Detention for up to six months is "presumptively reasonable." *Id.* at 701. Thereafter, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must respond with evidence sufficient to rebut that showing. *Id.*; *see also* 8 C.F.R. § 241.13.

The petitioner bears the initial burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Conclusory statements do not satisfy that burden. *See id.* at 543-44.

---

[1] *See also Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

However, a petitioner is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702 (emphasis omitted). Rather, the petitioner must only establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Removal is not reasonably foreseeable merely because the Government continues its removal efforts. *See id.* at 702; *Lambert v. Warden*, No. EP-26-CV-00427-DB, 2026 WL 926216, at *3 (W.D. Tex. Apr. 6, 2026); *see also Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779, 807 (M.D. La. 2026) ("'[C]ontinued efforts' or good faith efforts are not enough; *Zadvydas* itself rejected this idea."). The question is not whether ICE has acted diligently, but whether removal is actually likely to occur in the near future. *See Khurami v. Garcia*, No. 1:25-CV-01672, 2026 WL 2122961, at *3 (W.D. La. July 1, 2026).

Here, Petitioner's removal order became final on January 27, 2011, when the immigration judge ordered him removed in absentia. ECF No. 11-3 at 2; *see* 8 C.F.R. § 1241.1(e). He has been detained since September 3, 2025, well beyond six months, so his detention is no longer presumptively reasonable under *Zadvydas*. *See Shengelia v. Ortega*, No. 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025). And as the period of post-removal confinement grows, what counts as the "reasonably foreseeable future" correspondingly shrinks. *See Zadvydas*, 533 U.S. at 701.

Petitioner provides good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future. He asserts that he left Russia 20

years ago, Russia has not responded to his requests for travel documents, and no third country has been identified for removal. ECF No. 1-2 at 4.

The burden therefore shifts to the Government to show that there is a significant likelihood of removal in the reasonably foreseeable future. Williams's declaration states that the Government sought travel documents more than 11 months ago. ECF No. 11-2 at 2. Still, it contains no information indicating that Russia acknowledged receipt of the request, responded to the request, or is even considering it. *Id.* And courts in this district often hold a pending request for travel documents alone is insufficient to satisfy the Government's burden.[2]

This case contrasts directly with *Seledtsova v. Noem*, No. 6:25-CV-00724, 2026 WL 375882, at *2 (W.D. La. Jan. 7, 2026). There, the Government represented that a Russian national's removal was imminent, and the petitioner offered no contrary evidence. *See id.* But here, the Government's evidence shows only a pending request, with no indication of when, or whether, Russia will act on it. ECF No. 11-2 at 2.

Whatever latitude § 1231(a)(6) affords the Government for temporary, good-faith efforts to secure travel documents, it does not authorize indefinite civil detention

---

[2] *See Zheng v. Bondi*, No. 3:26-CV-00239, 2026 WL 2529544, at *2 (W.D. La. July 29, 2026); *Nguyen v. Bowen*, No. 25-CV-1560, 2026 WL 1179066, at *5 (W.D. La. Apr. 14, 2026) ("Respondents provide no evidence—or reasons to conclude—that a travel document is forthcoming"), *report and recommendation adopted*, 2026 WL 1172680 (W.D. La. Apr. 29, 2026); *Johnson v. Young*, No. 12-CV-2339, 2013 WL 1571938, at *2 (W.D. La. Feb. 11, 2013) (the argument that the Jamaican consulate had not yet refused to issue travel documents was insufficient to meet the Government's burden), *report and recommendation adopted in part and petition dismissed as moot, 2013 WL 1571272 (W.D. La. Apr. 12, 2013); Fermine v. Dir. of Immigr. & Customs Enf't*, No. 2:06-CV-1578, 2007 WL 2284606, at *4 (W.D. La. May 23, 2007) (finding no significant likelihood of removal in the reasonably foreseeable future where ICE was continuing efforts to obtain a travel document, and Trinidad had not yet refused the request).

based solely on speculative or undefined possibilities of removal. *See Zadvydas*, 533 U.S. at 689–701.

## III. Conclusion

Petitioner has met his burden under *Zadvydas*, and the Government has failed to rebut that showing with evidence demonstrating a significant likelihood of removal in the reasonably foreseeable future. Accordingly;

IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED, and that Petitioner be RELEASED subject to any necessary and/or reasonable conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, September 29, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE